## JOHNSON v. SEAMAN.

(Circuit Court of Appeals, Third Circuit. May 14, 1901.)

No. 34.

PATENTS—SUIT BY LICENSEE—INJUNCTION—TRADE-NAME.

A complainant is not entitled to an injunction restraining defendant from manufacturing or dealing in certain patented articles on the ground that such business would be in violation of complainant's rights as exclusive licensee for the sale of such articles under a license to which defendant is not a party, where the suit is not one for infringement of the patents; nor can complainant for the same reason be granted an injunction restraining defendant from the use of the name by which such articles are designated by the patentee and known to the trade, his only right to the exclusive use of which is derived from the same contract.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 106 Fed. 915.

Horace Pettit, for appellant.
Waldo G. Morse, for appellee.

Before ACHESON and DALLAS, Circuit Judges, and BUFFINGTON, District Judge.

DALLAS, Circuit Judge. Emil Berliner, patentee of inventions relating to machines for reproducing speech and other sounds, coined the word "Gramophone," which he adopted as a name for the machines made under the patents, and by that name they are distinctively known. The Berliner Gramophone Company, having acquired control of these inventions, entered into a written contract, dated October 10, 1896, with Frank Seaman, the plaintiff below and appellee in this court, whereby he was exclusively licensed to buy, sell, and deal in gramophones and gramophone goods throughout the United States, except in the District of Columbia, and wherein the licensor agreed that, as long as the licensee should punctually perform his covenants, the licensor would sell exclusively to him in the territory allotted to the licensee, and would not sell in that territory to any other person or corporation. Eldridge R. Johnson, the defendant below and appellant here, was not a party to that contract, nor to the litigation in Virginia and West Virginia, wherein, upon the complaint of Seaman, preliminary injunctions were granted restraining its violation by the Berliner Company, or by its predecessor, the United States Gramophone Company. In the opinion of the court below attention is directed to the fact that the present suit is not one for infringement of patent rights, which the complainant, as sole plaintiff, could not maintain, but it was considered as "one founded upon special equities alleged to arise

out of said contract, and the preliminary injunctions in Virginia and West Virginia, temporarily declaring said contract to be still in force"; and, so considering it, the learned judge held that the defendant was chargeable with "unfair competition by the use of the name 'Gramophone,' to which, under the contract, complainant is clearly entitled in the conduct of his business as exclusive dealer in and seller of the articles to which that name has been applied by the inventor." We are unable to concur in this ruling. Seaman based his supposed right to have Johnson prohibited from using the word "Gramophone" wholly upon the contract of October 10, 1896, and yet, as was well said by the circuit judge, "there is no nexus of obligation between the said defendant and the said complainant herein by reason of said contract. As to said defendant, it is res inter alios acta." It was for this reason that an injunction restraining Johnson from dealing in the articles in question was refused; and we think that for the same reason the preliminary injunction which was granted should have been denied. The fact that Johnson is a stranger to the contract of the Berliner Company with Seaman is, as to the whole case, a fundamental and decisive one. Whatever its effect inter partes may be, Johnson is not bound by it, and consequently Seaman's only asserted title to exclude him from dealing in the articles in question is plainly nugatory. How, then, can it be said that Seaman may preclude Johnson from calling them by their true name? Nothing has been suggested as supporting his claim to do so except this same contract, and, obviously, this suggestion but invites our return to the already rejected proposition that Seaman, by virtue of that contract, acquired the right to have Johnson enjoined from dealing in them. This supposed right the court below held to be nonexistent, and therefore confined its decree to the award of an injunction restraining Johnson from the use of the name "Gramophone." But we are of opinion that the privilege of so designating gramophones and gramophone goods is incident to the right to deal in them, and that, therefore, Seaman's failure to maintain his primary assault upon Johnson's right to deal in those articles necessarily involved the defeat of his subsidiary effort to debar Johnson from correctly denominating them. The decree of the circuit court is reversed.